Curia, per
Nott, J.
It is laid down by Chitty that an indictment ought to hhve all the certainty of a declaration, for that all the rules that apply to civil proceedings are applicable to criminal accusations, 1 Chitty’s Criminal Law, 141. 172. It is, therefore, necessary to state in an indictment for larceny, the name of the person to whom the goods belong; and, if they are laid to be the goods of one person and found to belong to another, the variance will be fatal, 1 Chitty’s Crim. Law, 175. 213. Archibold 10. 11. 117. It may be laid in the indictment that the goods belonged to a person unknown, if that is *17 actually the case, yet if the owner be really known, the allegation will be improper and the prisoner must be discharged from the indictment, 1 Chitty ut supra. In this case the articles stolen are stated to be the proper goods and chattels of A. B. and C. The inference is that they are the joint property of those three persons. The proof is that some of the goods are the property of each of them respectively, but that they have no joint interest in any part of them. The proof, therefore, does not correspond with the allegation. Let us test the principle by analogy to the proceedings in a civil action. Suppose a person should be charged in a declaration with a debt due to A. B. and C. for goods, wares and merchandise, sold and delivered, &c. and it should come out in evidence, that a part of the goods belonged to A., a part to B. and a part to C., but that no part of them was the joint property of all. It will not be pretended that such evidence would support the declaration. But it is said that the only mode of taking advantage of such an error is by moving to quash the indictment before plea, or of compelling the prosecutor to elect on which charge he will try the prisoner, 1 Chitty Crim. Law 204. 249. But that rule applies only to those cases where distinct offences are separately charged in such a manner that the prisoner is apprised of the several charges to which he is called to answer. In such cases he is considered as having waived the objection by pleading to the indictment. In the case now under consideration, no error appears on the face of the indictment. The defendants could not know that they were charged with several distinct offences, until it came out in evidence. They ought then to have been acquitted on this indictment, and a new trial must therefore, be granted.

Motion granted.